**Susan D. Pitchford, OSB No. 980911**
E-mail: sdp@chernofflaw.com
**Amelia S. Forsberg, OSB No. 133611**
E-mail: aforsberg@chernofflaw.com
**CHERNOFF VILHAUER LLP**
601 SW Second Avenue, Suite 1600
Portland, Oregon 97204
Telephone: (503) 227-5631
Attorneys for Plaintiff Universal Tea Company, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **UNIVERSAL TEA COMPANY, INC.,** **dba STASH TEA COMPANY,** an Oregon corporation <br><br> Plaintiff, <br><br> v. <br><br> **STASH CANNABIS COMPANY, LLC, an Oregon limited liability company, WELLSTONE LLC, and Oregon limited liability company, CHRIS MATTHEWS and ANTHONY BEAUDOIN,** <br><br> Defendants. | Civil Case No.3:16-cv-00685-HZ <br><br> **FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK DILUTION AND UNFAIR COMPETITION** <br><br> <u>**TRADEMARK CASE**</u> <br><br> **JURY TRIAL REQUESTED** |

Plaintiff Universal Tea Company, Inc., dba Stash Tea Company ("Stash Tea"), for its

Complaint against defendants alleges as follows:

<u>**Allegations Common to All Claims for Relief**</u>

**A.  <u>Jurisdiction and Venue</u>**

1.      The claims for trademark infringement, unfair competition and trademark dilution

arise under the Lanham Trademark Act, as amended, 15 U.S.C. §1051 *et seq.*, alleging the

unauthorized use in interstate commerce of famous and distinctive marks, false designations of origin and trademark dilution.  The Court has jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338(a).  The Court has jurisdiction over the Oregon statutory claim and the common law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper within the Oregon District Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**B.  <u>Introduction</u>**

3.      This case concerns the concerted, systematic infringement of trademarks owned by Stash Tea.  Defendants operate a marijuana dispensary under the name Stash Cannabis Co. At this marijuana dispensary, and upon information and belief, Defendants individually and collectively are engaged in the promotion, sale and offer for sale of marijuana and marijuana related products, incorporating trademarks owned by Plaintiff.  Defendants further promote their infringement by using the unauthorized website URL "stashcannabiscompany.com" (collectively "Infringing Uses").  Stash Tea filed this action to combat the willful and unauthorized use of its well-known, exclusive trademarks.  Despite previous service of two cease and desist letters, Defendants' ongoing and unauthorized activity continues.

**C.  <u>Plaintiff Stash Tea</u>**

4.      Stash Tea is a corporation duly organized and existing under the laws of the state of Oregon, having its principal place of business in Tigard, Oregon.

5.      Stash Tea has been in the business of merchandising, supplying and selling high quality tea and tea related products since the early 1970s.

6.      Stash Tea is the owner of well-known registered U.S. trademarks and international trademarks which serve to distinguish Stash Tea's products and services including

- U.S. Reg. No. 4,868,446 for STASH covering "On-line wholesale and retail store services featuring dried plants and tea; Wholesale and retail store services featuring dried plants and tea";

- U.S. Reg. No. 2,711,305 for STASH & Design covering "tea";

- U.S. Reg. No. 2,152,125 for STASH & Design covering "tea"; and

- U.S. Reg. No. 2,142,454 for STASH TEA covering "tea"

("Stash Tea's Trademarks").  Copies of these registrations are attached hereto as Exhibit A.

7.    Stash Tea's Trademarks have been used continuously for over forty years.  Each year Stash Tea spends a substantial amount to develop and maintain the considerable goodwill it enjoys in its trademarks and in its reputation for high quality products.

8.    Stash Tea asserts herein that Defendants are infringing and/or diluting and tarnishing the distinctive character of Stash Tea's Trademarks.

9.    As a result of advertising and sales, together with longstanding consumer acceptance, Stash Tea's Trademarks identify Stash Tea's products and authorized sales of these products.

**D. <u>Defendants</u>**

10.    Plaintiff is informed and believes, and upon that basis alleges, that Defendant Stash Cannabis Company, LLC ("Stash Cannabis") is an Oregon limited liability company with its principal place of business in Beaverton, Oregon that operates a marijuana dispensary at 9952 SW Beaverton-Hillsdale Highway, Beaverton, Oregon.

11.    Plaintiff is informed and believes, and upon that basis alleges, that Defendant Wellstone LLC ("Wellstone") is an Oregon limited liability company with its principal place of business in Tigard, Oregon.  Wellstone is the applicant and licensee from the Oregon Health

Authority under which authority Stash Cannabis appears to be operating. A copy of that license is attached hereto as Exhibit B.

12.     Plaintiff is informed and believes, and upon that basis alleges, that Defendant Chris Matthews ("Matthews") is an individual and, upon information and belief, a resident of Hillsboro, Oregon. Plaintiff is informed and believes, and upon that basis alleges, that Matthews is a principal and/or supervisory employee of Stash Cannabis and that he personally authorized, participated in and/or directed the infringing acts alleged herein. Plaintiff is further informed and believes, and based thereon alleges, that Matthews had the right and ability to supervise or control the infringing activity alleged herein and that he has a direct financial interest in such activity. In addition or alternatively, Matthews had knowledge or reason to know of the infringing activity and took actions that contributed to such activity.

13.     Plaintiff is informed and believes, and upon that basis alleges, that Defendant Matthews is Stash Cannabis' Primary Person Responsible for Dispensary ("PRD"), the person listed with the Oregon Health Authority. A Primary PRD is an individual who is designated as the primary point of contact for dispensary; is authorized to receive any and all communications and legal notices from the Oregon Health Authority; meets the qualifications in OAR 333-008-1073 through 333-008–1075; and is involved in the day-to-day operations of the dispensary.

14.     Plaintiff is informed and believes, and upon that basis alleges, that Defendant Anthony Beaudoin ("Beaudoin") is an individual and, upon information and belief, a resident of Tigard, Oregon. Plaintiff is informed and believes, and upon that basis alleges, that Beaudoin is a principal and/or supervisory employee of Stash Cannabis and that he personally authorized, participated in and/or directed the infringing acts alleged herein. Plaintiff is further informed and believes, and based thereon alleges, that Beaudoin had the right and ability to supervise or

control the infringing activity alleged herein and that he has a direct financial interest in such activity.  In addition or alternatively, Beaudoin had knowledge or reason to know of the infringing activity and took actions that contributed to such activity.

15.    Plaintiff is informed and believes, and upon that basis alleges, that Defendant Stash Cannabis was administratively dissolved by the Oregon Secretary of State on April 14, 2016 and was not reinstated until April 29, 2016.   Plaintiff is informed and believes, and upon that basis alleges, that Stash Cannabis was for some period of time being operated as a sole proprietorship by Defendant Matthews and/or as a partnership by Defendants Matthews and Beaudoin.  Attached hereto as Exhibit C are printouts from the Secretary of State's website showing the dissolution and reinstatement of Stash Cannabis.

**E.  Defendants' Infringing Activities**

16.    Upon information and belief, long after Stash Tea's adoption and use of Stash Tea's Trademarks, Defendants adopted and used, without Stash Tea's consent, a substantially identical likeness of the Stash Tea Trademarks in connection with the advertising, display, distribution, promotion, sales and/or offering for sale of marijuana and marijuana related products and/or services, including tea products, using Stash Tea's Trademarks (hereinafter "Defendants' Infringing Uses").  Attached hereto as Exhibit D are photographs from Defendants' website and Facebook pages showing use of Plaintiff's STASH trademark in close association with marijuana and sales of marijuana, and a photograph of "Earth Dragon Chai Tea" offered for sale by Stash Cannabis.

17.    Defendants have caused the infringing products and services to enter into commerce and to be transported or used in commerce.

18.     Defendants are not licensed by Stash Tea and at all relevant times were not authorized by Stash Tea or any agent of Stash Tea to advertise, display, distribute, sell and/or offer for sale any products or services using Stash Tea's Trademarks.

19.     Defendants were previously served with written notice to cease their unauthorized activity but Defendants failed to do so.  True and correct copies of these notices are attached as Exhibit E.

20.     Defendants are currently engaged in such uses and, unless enjoined by this Court, will continue such unauthorized uses.

21.     By engaging in this conduct, Defendants have acted in willful disregard of Stash Tea's Trademarks and of laws protecting Stash Tea's goodwill and related proprietary rights and have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of Defendants' products.  By their wrongful conduct, Defendants have traded upon and diminished Stash Tea's valuable goodwill in and to the Stash Tea Trademarks.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

22.     Stash Tea repeats and realleges all of the allegations contained in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23.     Stash Tea's claim arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

24.     Defendants' advertising, display, distribution, promotion, sale and/or offer for sale of products and/or services using Stash Tea's Trademarks is likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval by Stash Tea of Defendants' Infringing Uses.

25.     Such confusion, mistake and deception is aggravated by the confusing similarity between Stash Tea's Trademarks and the use by Defendants of identical or near identical likenesses of marks in connection with the same type of services and goods made and sold by or under the authority of Stash Tea.

26.     Stash Tea is informed and believes and, upon that basis alleges, that Defendants, and each of them, acted with knowledge of Stash Tea's Trademarks and of the valuable goodwill Stash Tea enjoys in connection therewith, with intent to confuse, mislead and deceive the public into believing that Defendants' sales and related activities under those trademarks were by Stash Tea, or were in some other manner approved or endorsed by Stash Tea.

27.     Stash Tea has suffered and continues to suffer damages as a result of Defendants' acts and trademark infringement in amounts thus far not determined but within the jurisdiction of this Court.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117(a), Stash Tea will require an accounting from each Defendant of all monies generate from the distribution and/or sale of the Infringing Uses as alleged herein.

28.     Stash Tea has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of the above-described acts of infringement.  Stash Tea is informed and believes, and upon that basis alleges, that, unless enjoined by the Court the unlawful infringement will continue with irreparable harm and damage to Stash Tea. Accordingly, Stash Tea seeks and requests preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

## SECOND CLAIM FOR RELIEF
### (Lanham Act – Unfair Competition/Passing Off)

29.     Stash Tea repeats and realleges all of the allegations contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

30.     Stash Tea's claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.     As a direct result of Stash Tea's longstanding use, sales, advertising, and marketing, the public has come to identify Stash Tea's Trademarks with Stash Tea and its respective products.

32.     The products and services that Defendants have offered and/or sold and distributed exactly duplicate and appropriate Stash Tea's Trademarks and delude and confuse the public into believing that Stash Tea approved, authorized, or sponsored the products sold, offered for sale, advertised or distributed by Defendants.

33.     Defendants, by misappropriating and using the likenesses of Stash Tea's Trademarks in connection the sale of marijuana, and marijuana related products and services have passed off their products as those of Stash Tea and have misrepresented and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of Defendants' product and services.  Defendants have caused such products and services to enter into commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products and services are authorized by Stash Tea.

34.     These acts constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.     Defendants have obtained gains, profits, and advantages as a result of their unlawful acts.

36.     Stash Tea has been damaged as a result of Defendants' acts and will continue to be damaged unless Defendants are enjoined by this Court.

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution)

37.     Stash Tea repeats and realleges all of the allegations contained in paragraphs 1 through 36, inclusive, as though fully set forth herein.

38.     Stash Tea's claim arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

39.     As a result of Stash Tea's continuous promotion of its products and services in conjunction with Stash Tea's Trademarks, the Stash Tea Trademarks have become distinctive and famous marks.

40.     Defendants' use in commerce of Stash Tea's Trademarks began after the Stash Tea Trademarks became famous and has caused dilution of the distinctive quality of Stash Tea's Trademarks.  Such conduct has caused injury to Stash Tea pursuant to 15 U.S.C. § 1125(c).

41.     Such dilution has occurred as a direct result of the display, advertising and promotion of Defendants' Infringing Uses of Stash Tea's Trademarks for the sale and offer for sale of marijuana and marijuana related products.  Accordingly, Stash Tea seeks permanent injunctive relief pursuant to 15 U.S.C. § 1125(c)(1).

## FOURTH CLAIM FOR RELIEF
### (State Trademark Dilution – ORS 647.107)

42.     Stash Tea repeats and realleges all of the allegations contained in paragraphs 1 through 41, inclusive, as though fully set forth herein.

43.     Stash Tea's claim arises under ORS 647.107.

44.     As a result of Stash Tea's continuous promotion of its products and services in conjunction with Stash Tea's Trademarks, the Stash Tea Trademarks are distinctive and famous in the State of Oregon.

45.     Defendants' use in commerce of Stash Tea's Trademarks began after the Stash Tea Trademarks became famous.  Such conduct has caused dilution of the distinctive quality of Stash Tea's famous marks and has tarnished said marks.

46.     Such dilution and tarnishment has occurred as a direct result of the display, advertising and promotion of Defendants' Infringing Uses of Stash Tea's Trademarks for the sale and offer for sale of marijuana and marijuana related products.  Accordingly, Stash Tea seeks permanent injunctive relief pursuant to ORS 647.107.

47.     Defendants' dilution and tarnishment of Stash Tea's Trademarks has been willful and in blatant disregard of Stash Tea's trademark rights.  Therefore, in addition to an injunction against Defendants, Stash Tea is entitled to the profits derived by Defendants from their uses, displays and/or sales of and under the Stash Tea's Trademarks, pursuant to ORS 647.107(4) and ORS 647.105.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

48.     Stash Tea repeats and realleges all of the allegations contained in paragraphs 1 through 47, inclusive, as though fully set forth herein.

49.     This claim arises under the common law.

50.     By reason of Stash Tea's prior adoption and uses of the Stash Tea Trademarks, for the goods set out therein, Stash Tea has acquired common law rights in and to the Stash Tea Trademarks for those goods.

51.     Defendants' use of STASH and the website stashcannabiscompany.com in connection with the sale and promotion of marijuana products has caused and is likely to cause confusion with the Stash Tea Trademarks.  Stash Tea has been and will continue to be damaged by Defendants' Infringing Uses unless Defendants are enjoined from using the Stash Tea Trademarks.

52.     Defendants' actions have been willful and malicious, with full knowledge of Stash Tea's trademark rights.  As a consequence, Stash Tea is entitled to injunctive relief, damages, its costs, and Defendants' profits realized as a result of Defendants' infringing activities.

**SIXTH CLAIM FOR RELIEF**
**(Common Law Unfair Competition)**

53.     Stash Tea repeats and realleges all of the allegations contained in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54.     This claim arises under the common law.

55.     As a direct result of Stash Tea's longstanding use, sales, advertising, and marketing, Stash Tea's Trademarks the public has come to identify Stash Tea's Trademarks with Stash Tea and its respective products.

56.     The products and services that Defendants have offered and/or sold and distributed exactly duplicate and appropriate Stash Tea's Trademarks and delude and confuse the

public into believing that Stash Tea approved, authorized, or sponsored the products sold, offered for sale, or distributed by Defendants.

57.     Defendants, by misappropriating and using the likeness of Stash Tea's Trademarks in connection the sale of marijuana and marijuana related products and services are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of Defendants' product and services.  Defendants have caused such products and services to enter into commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products and services are authorized by Stash Tea.

58.     These acts constitute unfair competition under the common law.

59.     Defendants have obtained gains, profits, and advantages as a result of their unlawful acts.

60.     Stash Tea has been damaged as a result of Defendants' acts and will continue to be damaged unless Defendants are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Stash Tea prays for an Order:

A.      That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1.      Directly or indirectly infringing Stash Tea's Trademarks in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any goods or services which infringe Stash Tea's Trademarks;

2.      Manufacturing, distributing, advertising, selling and/or offering for sale marijuana and/or marijuana related products or related services or any other unauthorized product or service which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Stash Tea's Trademarks.

3.      Manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of Stash Tea's Trademarks;

4.      Engaging in any conduct that tends falsely to represent, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products and services sold or offered by Defendants, or Defendants themselves are connected with Stash Tea, or are sponsored, approved, licensed, or are in some way affiliated by or with Stash Tea ;

5.      Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods and services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Stash Tea.

6.      Otherwise competing unfairly with Stash Tea in any manner;

B.      Pursuant to 15 U.S.C. § 1118(b), that Defendants destroy or otherwise dispose of:

- Merchandise owned or in Defendants' control falsely bearing Stash Tea's Trademarks;

- Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to Stash Tea's Trademarks;

- Any labels, packages, wrappers, containers or any other unauthorized promotional or advertising material item which reproduce, copy, counterfeit, imitate or bear any of Stash Tea's Trademarks;

- Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing Stash Tea's Trademarks;

- Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of products or services related to the Infringing Uses;

C.      That Defendants be required to pay actual damages increased to the maximum extent permitted by law and/or other applicable damages at Stash Tea's election;

D.      That Defendants account for and pay to Stash Tea all damages sustained by Stash Tea and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

E.       That actual damages be trebled pursuant to 15 U.S.C. § 1117(a) and/or ORS 647.105(2);

F.      That this is an exceptional case due to Defendants' willfully infringing conduct and that Stash Tea recover from Defendants its costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a); and

G.      That Stash Tea have all other further relief as the Court may deem just and equitable under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands trial by jury on all claims and issues so triable.

DATED:  June 27, 2016                    CHERNOFF VILHAUER LLP


/s/*Susan D. Pitchford*
Susan D. Pitchford, OSB No. 980911
Telephone:  (503) 227-5631
Of Attorneys for Plaintiff Universal Tea Company,
Inc., dba Stash Tea Company