John Mansfield, OSB No. 055390
john@MansfieldLaw.net
MansfieldLaw
121 SW Morrison Ave., Suite 400
Portland, OR  97204
971.271.8615
Attorney for Defendants/counterclaim plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNIVERSAL TEA COMPANY. INC., dba STASH TEA COMPANY**, an Oregon corporation,<br><br>    Plaintiff,<br><br>v.<br><br>**STASH CANNABIS COMPANY, LLC, an Oregon limited liability company, WELLSTONE LLC, an Oregon limited liability company, CHRIS MATTHEWS and ANTHONY BEAUDOIN**<br><br>    Defendants. | Case No.: 3:16-CV-00685-HZ<br><br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**ANSWER AND COUNTERCLAIMS**                                                                                    1

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Stash Cannabis Company, LLC, Wellstone LLC, Chris Matthews, and Anthony Beaudoin ("Stash Cannabis" except when context indicates otherwise) answers Plaintiff Stash Tea's First Amended Complaint:

**A.     Jurisdiction and Venue**

1.      Stash Cannabis admits that this Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338(a), and jurisdiction over the Oregon statutory claim and the common law claims pursuant to 28 U.S.C. § 1367; otherwise denied.

2.      Admitted.

**B.     Introduction**

3.      Admitted that Stash Cannabis promotes, sells and offers for sale marijuana and marijuana-related products, and that Stash Cannabis uses the URL "stashcannabiscompany.com;' otherwise denied.

**C.     Plaintiff Stash Tea**

4.      Admitted that Stash Tea appears to be an Oregon corporation with its principal place of business in Tigard, Oregon; otherwise denied.

5.      Admitted that Stash Tea has been selling tea since approximately the early 1970s; otherwise denied.

6.      Admitted that Stash Tea uses various trademarks for tea; otherwise denied.

7.      Stash Cannabis lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on this basis denies them.

8.      Admitted that Stash Tea makes the assertions stated in this paragraph; otherwise denied.

9.      Denied.

**D.      Defendants**

10.      Admitted.

11.      Admitted.

12.      Admitted that Mr. Matthews lives in this District and that Mr. Matthews is an owner and supervisor of Stash Cannabis; denied that Mr. Matthews personally authorized, participated in, or directed any infringement; denied that Mr. Matthews had the right and ability to control any infringing acts or that he has a direct financial interest in allegedly infringing activity; otherwise denied.

13.      Admitted as to the first sentence; the remainder of the paragraph comprises legal allegations to which no answer is required, and on that basis denied.

14.      Admitted that Mr. Beaudoin is an individual residing in this district; otherwise denied.

15.      Admitted that Stash Cannabis was administratively dissolved by the Oregon on April 14, 2016 and was reinstated April 29, 2016, and that Exhibit C appear to contain accurate printouts from the Oregon Secretary of State's website; otherwise denied.

**E.      Defendants' Allegedly Infringing Activities**

16.      Admitted that Stash Cannabis has used the trademark "Stash Cannabis" to sell marijuana and marijuana-related products and services, including the products shown in Exhibit D to the First Amended Complaint; otherwise denied.

17.    Denied.

18.    Admitted that Stash Cannabis does not need any authorization or license to use Stash Tea trademarks; otherwise denied.

19.    Admitted that Stash Tea sent the letters attached as Exhibit E to the First Amended Complaint, and that it declined to take the actions requested therein; otherwise denied.

20.    Denied.

21.    Denied.

**FIRST CLAIM FOR RELIEF**

22.    Stash Cannabis repeats its responses to paragraphs 1 through 21.

23.    Admitted that Stash Tea alleges claims under Section 32 of the Lanham Act; otherwise denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

**SECOND CLAIM FOR RELIEF**

29.    Stash Cannabis repeats its responses to paragraphs 1 through 28.

30.    Admitted that Stash Tea alleges claims under Section 43(a) of the Lanham Act; otherwise denied.

**ANSWER AND COUNTERCLAIMS**                                                                3

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

## THIRD CLAIM FOR RELIEF

37.    Stash Cannabis repeats its responses to paragraphs 1 through 36.

38.    Admitted that Stash Tea alleges claims under Section 43(a) of the Lanham Act; otherwise denied.

39.    Denied.

40.    Denied.

41.    Denied.

## FOURTH CLAIM FOR RELIEF

42.    Stash Cannabis repeats its responses to paragraphs 1 through 41.

43.    Admitted that Stash Tea alleges claims under ORS 647.107; otherwise denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

**ANSWER AND COUNTERCLAIMS**                                                    4

**FIFTH CLAIM FOR RELIEF**

48.    Stash Cannabis repeats its responses to paragraphs 1 through 47.

49.    Admitted that Stash Tea alleges infringement claims under the common law; otherwise denied.

50.    Denied.

51.    Denied.

52.    Denied.

**FIFTH CLAIM FOR RELIEF**

53.    Stash Cannabis repeats its responses to paragraphs 1 through 52.

54.    Admitted that Stash Tea alleges unfair competition claims under the common law; otherwise denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

**AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that it bears the burden of proof, Stash Cannabis pleads the following defenses:

**ANSWER AND COUNTERCLAIMS**                                      5

1.    Stash Tea's First Amended Complaint fails to state a claim upon which relief can be granted.

2.    Stash Tea's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, acquiescence, and/or unclean hands.

3.    Stash Tea has not suffered any damages as a result of Stash Cannabis's alleged actions.

4.    Stash Tea is not entitled to injunctive relief because any alleged injury to Stash Tea is not immediate or irreparable, and Stash Tea has an adequate remedy at law.

5.    Some or all of Stash Tea's infringement claims are barred because the trademarks are unenforceable or invalid.

6.    Stash Cannabis's activities constitute fair use within the meaning of the Lanham Act.

7.    Stash Tea cannot show that this is an exceptional case justifying an award of enhanced damages and/or attorneys' fees pursuant to 15 U.S.C. § 1117 or ORS 647.105(2).

8.    Some or all of Stash Tea's claims are barred by the applicable statute(s) of limitations.

### ADDITIONAL AFFIRMATIVE DEFENSES

Stash Cannabis gives notice that it intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend its answer to assert such additional affirmative defenses.

## PRAYER FOR RELIEF

Stash Cannabis asks that judgment be rendered in its favor and that Stash Tea take nothing on its claims, that Stash Tea's claims, and each of them, be dismissed in their entirety with prejudice, and that attorney's fees and costs be awarded to Stash Cannabis under applicable law.

## STASH CANNABIS'S COUNTER-CLAIM

### A.    Nature of the action

1.    Couunterclaim plaintiff Stash Cannabis seeks declaratory judgment that it has not infringed the alleged statutory and common trademarks rights asserted against it by counterclaim defendant Stash Tea, that it has not diluted the Stash Tea trademarks, and that it has not unfairly competed with Stash Tea.

### B.    Jurisdiction and venue

2.    This is an action for declaratory judgment arising under (i) the trademark laws of the United States, 15 USC § 1051 et seq. (the "Trademark Act"); (ii) ORS statutory and common law; and (iii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).  This Court has original jurisdiction over the subject matter of this action pursuant to 28U.S.C. §§ 1331 and 1338.

3.    Stash Tea is subject to the personal jurisdiction of this Court because is continuously present in Oregon. In addition, Stash Tea's false assertions of infringement of alleged trademarks and statutory rights were filed in this judicial district and directed to Stash Cannabis in Oregon. Thus, this Court has both general and specific personal jurisdiction over Stash Tea.

**ANSWER AND COUNTERCLAIMS**                                        7

4.    Venue of this action is proper in this district under 28 U.S.C.§ 1391(b)(1) and (2) because Stash Tea is subject to the personal jurisdiction of this Court in this district and thus qualifies as a resident under 28 U.S.C.§ 1391(c)(2). In addition, a substantial part of the events giving rise to the claims herin has occurred and will continue to occur in this district.

**C.    Factual background**

5.    Stash Cannabis repeats paragraphs 1 through 4 here.

6.    Stash Cannabis is a leading seller of marijuana and marijuana-related products. Stash Cannabis has never sold or offered for sale products that are aimed at consumers of tea. All of its consumable products contain cannabis or cannabis-derived compounds.  These products are sought by consumers in search of marijuana and its associated benefits.

7.    Stash Cannabis is the owner of an Oregon trademark registration for the sale and production of medical and recreational cannabis, cannabis products and accessories under the "Stash Cannabis" mark.

8.    There is no likelihood that consumers seeking the products offered by Stash Tea would be confused by Stash Cannabis's mark for a number of reasons, including without limitation:

        a.    the marks are not similar;

        b.    the goods sold by each party are not related or proximate;

        c.    the goods sold by each party are offered through different marketing channels;

        d.    consumers of each party's products exercise a great degree of care when selecting a product;

**ANSWER AND COUNTERCLAIMS**                                        8

  e. the Stash Tea mark is weak; and

  f. there is no evidence of actual confusion.

9. Nor has Stash Cannabis's use of its mark diluted Stash Tea's mark under federal or state law.  Stash Tea is not a famous mark, Stash Commerce is not using Stash Tea's mark in commerce, and Stash Cannabis's use of the mark is unlikely to cause dilution by blurring or tarnishment.

10. Finally, Stash Tea's claims for unfair competition under state law, which mirror its trademark claims, will not prevail for at least the reasons discussed above.

<b>FIRST CLAIM FOR RELIEF-Federal trademark infringement</b>

11. Stash Cannabis repeats paragraphs 1 through 10 here.

12. Because Stash Tea has sued Stash Cannabis under Section 32 of the Lanham Act and Stash Cannabis has denied liability, there is an actual justiciable controversy between the parties on this issue.

13. Stash Cannabis asks the Court to declare that its use of the Stash Cannabis trademark does not infringe Stash Tea's rights under Section 32 of the Lanham Act.

<b>SECOND CLAIM FOR RELIEF-Federal unfair competition/passing off</b>

14. Stash Cannabis repeats paragraphs 1 through 13 here.

15. Because Stash Tea has sued Stash Cannabis under Section 43(a) of the Lanham Act and Stash Cannabis has denied liability, there is an actual justiciable controversy between the parties on this issue.

16.     Stash Cannabis asks the Court to declare that its use of the Stash Cannabis trademark does not infringe Stash Tea's rights under Section 43(a) of the Lanham Act.

**THIRD CLAIM FOR RELIEF-Federal trademark dilution**

17.     Stash Cannabis repeats paragraphs 1 through 16 here.

18.     Because Stash Tea has sued Stash Cannabis for dilution under Section 43(a) of the Lanham Act and Stash Cannabis has denied liability, there is an actual justiciable controversy between the parties on this issue.

19.     Stash Cannabis asks the Court to declare that its use of the Stash Cannabis trademark does not infringe Stash Tea's rights against dilution under Section 43(a) of the Lanham Act.

**FOURTH CLAIM FOR RELIEF-State trademark dilution**

20.     Stash Cannabis repeats paragraphs 1 through 19 here.

21.     Because Stash Tea has sued Stash Cannabis for dilution under Section ORS 647.107 and Stash Cannabis has denied liability, there is an actual justiciable controversy between the parties on this issue.

22.     Stash Cannabis asks the Court to declare that its use of the Stash Cannabis trademark does not dilute Stash Tea's marks under ORS 647.107.

**FIFTH CLAIM FOR RELIEF-Common law trademark infringement**

23.     Stash Cannabis repeats paragraphs 1 through 22 here.

24.     Because Stash Tea has sued Stash Cannabis for trademark infringement under the common law and Stash Cannabis has denied liability, there is an actual justiciable controversy between the parties on this issue.

**ANSWER AND COUNTERCLAIMS**                                                          10

25.    Stash Cannabis asks the Court to declare that its use of the Stash Cannabis trademark does not infringe Stash Tea's trademark rights under the common law.

### SIXTH CLAIM FOR RELIEF-Common law unfair competition

26.    Stash Cannabis repeats paragraphs 1 through 25 here.

27.    Because Stash Tea has sued Stash Cannabis under the common law of unfair competition and Stash Cannabis has denied liability, there is an actual justiciable controversy between the parties on this issue.

28.    Stash Cannabis asks the Court to declare that its use of the Stash Cannabis trademark does not infringe Stash Tea's rights under the common law of unfair competition.

### <u>REQUEST FOR RELIEF</u>

Stash Cannabis respectfully seeks judgment awarding it the following relief:

(a) An order declaring that Stash Cannabis does not infringe Stash Tea's claimed rights against infringement under section 32 of the Lanham Act;

(b) An order declaring that Stash Cannabis does not infringe Stash Tea's claimed rights against infringement or dilution under section 43(a) of the Lanham Act;

(c) An order declaring that Stash Cannabis does not infringe of Stash Tea's claimed rights against dilution under ORS 647.107;

(d) An order declaring that Stash Cannabis does not infringe of Stash Tea's claimed trademark rights under the common law;

(e) An order declaring that Stash Cannabis does not infringe of Stash Tea's claimed rights against unfair competition under the common law;

**ANSWER AND COUNTERCLAIMS**                                                        11

(f)  An order awarding attorneys' fees, costs, and expenses incurred in connection with

this action to Stash Cannabis under applicable law; and

(g)  An order awarding such other and further relief as this Court deems just and proper.

Dated September 12, 2016

/s/ John Mansfield
John Mansfield, OSB No. 055390
MansfieldLaw

Attorney for defendants