**Susan D. Pitchford, OSB No. 980911**
E-mail: sdp@chernofflaw.com
**Amelia S. Forsberg, OSB No. 133611**
E-mail: aforsberg@chernofflaw.com
**CHERNOFF VILHAUER LLP**
111 SW Columbia Street, Suite 725
Portland, Oregon 97201
Telephone: (503) 227-5631
Attorneys for Plaintiff Universal Tea Company, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| **UNIVERSAL TEA COMPANY, INC., dba STASH TEA COMPANY,** an Oregon corporation<br><br>Plaintiff,<br><br>v.<br><br>**STASH CANNABIS COMPANY, LLC and CHRIS MATTHEWS**<br><br>Defendant. | Civil Case No. 3:16-cv-00685-HZ<br><br>**UNIVERSAL TEA COMPANY, INC., dba STASH TEA COMPANY'S ANSWER TO COUNTERCLAIMS OF DEFENDANTS AND COUNTERCLAIM PLAINTIFFS STASH CANNABIS COMPANY, LLC, WELLSTON LLC, CHRIS MATTHEWS AND ANTHONY BEAUDOIN**<br><br><u>**TRADEMARK CASE**</u><br><br>**JURY TRIAL REQUESTED** |

Plaintiff and Counterclaim Defendant Universal Tea Company, Inc., dba Stash Tea Company (hereafter "Stash Tea") submits this Response to the Counterclaims of Defendants and Counterclaim Plaintiffs Stash Cannabis Company, LLC, Wellstone LLC, Chris Matthews, and Anthony Beaudoin ("Stash Cannabis" except when context indicates otherwise).

### A.  Nature of Action

1.      Stash Tea admits the allegation of paragraph 1 of the Counterclaims, that Stash Cannabis seeks declaratory judgment that it has not infringed the alleged statutory and common trademarks rights asserted against it by Stash Tea and that Stash Cannabis seeks declaratory judgment that that it has not diluted the Stash Tea trademarks, and that it has not unfairly competed with Stash Tea.

### B.  Jurisdiction and Venue

2.      Stash Tea admits the allegations of paragraph 2 of the Counter claims that this is an action for declaratory judgment arising under (i) the trademark laws of the United States, 15 USC § 1051 et seq. (the "Trademark Act"); (ii) ORS statutory and common law; and (iii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). This Court has original jurisdiction over the subject matter of this action pursuant to 28U.S.C. §§ 1331 and 1338.

3.      Stash Tea admits the allegations of paragraph 3 of the Counterclaims that Stash Tea is subject to the personal jurisdiction of this Court because it is continuously present in Oregon.  Stash further admits the allegations of paragraph 3 of the Counterclaims that assertions of infringement of alleged trademarks and statutory rights were filed in this judicial district and directed to Stash Cannabis in Oregon and that this Court has both general and specific personal jurisdiction over Stash Tea.  Stash Tea denies the allegations of paragraph 3 of the Counterclaims that Stash Tea's assertions of infringement of alleged trademarks and statutory rights are false.

4.      Stash Tea admits the allegations of paragraph 4 of the Counterclaims that venue of this action is proper in this district under 28 U.S.C.§ 1391(b)(1) and (2) because Stash Tea is subject to the personal jurisdiction of this Court in this district and thus qualifies as a resident

under 28 U.S.C.§ 1391(c)(2). Stash Tea further admits that a substantial part of the events giving rise to the claims herein has occurred and will continue to occur in this district.

### C. Factual Background

5.      Stash Tea incorporates by reference its responses to paragraphs 1-4 above as if fully set forth herein.

6.      Stash Tea denies the allegations of paragraph 6 of the Counterclaims.

7.      Stash Tea admits the allegations of paragraph 7 of the Counterclaims as to Defendant Stash Cannabis Company LLC but denies the allegations of paragraph 7 as to the remainder of the defendants.

8.      Stash Tea denies the allegations of paragraph 8 of the Counterclaims.

9.      Stash Tea denies the allegations of paragraph 9 of the Counterclaims.

10.     Stash Tea denies the allegations of paragraph 10 of the Counterclaims.

### FIRST CLAIM FOR RELIEF – Federal trademark infringement

11.     Stash Tea incorporates by reference its responses to paragraphs 1-10 above as if fully set forth herein.

12.     Stash Tea admits the allegations of paragraph 12 of the Counterclaims that there is an actual justiciable controversy between the parties on this issue.

13.     Stash Tea admits the allegations of paragraph 13 of the Counterclaims that the defendants seek declaratory judgment relief.

### SECOND CLAIM FOR RELIEF – Federal unfair competition/passing off

14.     Stash Tea incorporates by reference its responses to paragraphs 1-13 above as if fully set forth herein.

15.     Stash Tea admits the allegations of paragraph 15 of the Counterclaims that there is an actual justiciable controversy between the parties on this issue.

16.     Stash Tea admits the allegations of paragraph 16 of the Counterclaims that the defendants seek declaratory judgment relief.

### THIRD CLAIM FOR RELIEF – Federal trademark dilution

17.     Stash Tea incorporates by reference its responses to paragraphs 1-16 above as if fully set forth herein.

18.     Stash Tea admits the allegations of paragraph 18 of the Counterclaims that there is an actual justiciable controversy between the parties on this issue.

19.     Stash Tea admits the allegations of paragraph 19 of the Counterclaims that the defendants seek declaratory judgment relief.

### FOURTH CLAIM FOR RELIEF – State trademark dilution

20.     Stash Tea incorporates by reference its responses to paragraphs 1-19 above as if fully set forth herein.

21.     Stash Tea admits the allegations of paragraph 21 of the Counterclaims that there is an actual justiciable controversy between the parties on this issue.

22.     Stash Tea admits the allegations of paragraph 22 of the Counterclaims that the defendants seek declaratory judgment relief.

### FIFTH CLAIM FOR RELIEF – Common law trademark infringement

23.     Stash Tea incorporates by reference its responses to paragraphs 1-22 above as if fully set forth herein.

24.     Stash Tea admits the allegations of paragraph 24 of the Counterclaims that there is an actual justiciable controversy between the parties on this issue.

25.     Stash Tea admits the allegations of paragraph 25 of the Counterclaims that the defendants seek declaratory judgment relief.

## SIXTH CLAIM FOR RELIEF – Common law unfair competition

26.     Stash Tea incorporates by reference its responses to paragraphs 1-25 above as if fully set forth herein.

27.     Stash Tea admits the allegations of paragraph 27 of the Counterclaims that there is an actual justiciable controversy between the parties on this issue.

28. Stash Tea admits the allegations of paragraph 28 of the Counterclaims that the defendants seek declaratory judgment relief.

## REQUEST FOR RELIEF

1.     Stash Tea denies that Stash Cannabis is entitled to any relief whatsoever in consequence of any allegations or averment in the Counterclaims and, accordingly, prays that the Court deny all relief to Stash Cannabis.


DATED:  October 6, 2016                    CHERNOFF VILHAUER LLP

                                           /s/*Susan D. Pitchford*
                                           Susan D. Pitchford, OSB No. 980911
                                           Telephone:  (503) 227-5631
                                           Of Attorneys for Plaintiff Universal Tea Company,
                                           Inc., dba Stash Tea Company